UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KENNETH SINGLETARY<br>    *Plaintiff*,<br>v.<br><br>CORYELL COUNTY TRADESMEN, LLC<br>and CC LABOR, LLC<br>    *Defendants*. | CIVIL ACTION NO. _____ |

## COMPLAINT

Plaintiff, Kenneth Singletary, files this Complaint against defendants, Coryell County Tradesmen, LLC and CC Labor LLC.

### NATURE OF THE ACTION

1. This is an action by Kenneth Singletary ("Plaintiff") to recover unpaid overtime wages. Plaintiff was employed during the last three years as a manual laborer by Defendants, Coryell Country Tradesmen, LLC, CC Labor LLC ("Defendants"). While working for the Defendants, Plaintiff was not paid one-and-a-half times his regular hourly rate for all hours worked in excess of forty hours a workweek, in violation of the Fair of Labor Standards Act ("FLSA"), 29 U. S.C. § 207.

2. Plaintiff seeks to recover from Defendants unpaid wages, interest, liquidated damages, and attorneys' fees and costs. 29 U.S.C. §216(b).

### JURISDICTION

3. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) (FLSA).

## VENUE

4. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district. See 28 U.S.C. §1391(b).

## PARTIES

### Plaintiff Kenneth Singletary

5. Plaintiff Kenneth Singletary is a resident of Louisiana.

6. Plaintiff Singletary was hired by Defendants in approximately October 2014.

7. Plaintiff Singletary worked for Defendants in Louisiana.

8. Plaintiff Singletary worked as a metal stud framer and dry wall hanger.

9. Defendants paid Plaintiff Singletary approximately $16.00 per hour.

10. At all relevant times, Plaintiff Singletary was an "employee" of the Defendants as that term is defined in the FLSA, 29 U.S.C. § 203(e).

### Defendant Coryell County Tradesmen, LLC

11. Defendant Coryell County Tradesmen, LLC ("Coryell") is a corporation organized under the laws of Texas with its principal place of business in Gatesville, Texas.

12. Coryell is in the business of commercial construction throughout the United States.

13. Coryell supervised the day-to-day work activities of the Plaintiff.

14. Coryell determined Plaintiff's work schedule for the employment at issue herein.

15. The paychecks that the Plaintiff received for the employment at issue herein sometimes bore the name "Coryell County Tradesmen LLC." Coryell maintains an employment file for the Plaintiff.

16. Coryell is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. §203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce

within the meaning of the FLSA, 29 U.S.C. § 203(s) (1).

17. Coryell is an "employer" within the meaning of FLSA, 29 U.S.C. §203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. §203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. §203(s) (1).

### Defendant CC Labor, LLC

18. Defendant CC Labor is a corporation organized under the laws of Texas with its place of business in Gatesville, Texas.

19. CC Labor is in the business of commercial construction throughout the United States.

20. CC Labor supervised the day-to-day work activities of the Plaintiff.

21. CC Labor determined Plaintiff's work schedule for the employment at issue herein.

22. The paychecks that the Plaintiff received for the employment at issue herein sometimes bore the name "CC Labor LLC."

23. CC Labor maintains an employment file for the Plaintiff.

24. CC Labor is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s) (1).

25. CC Labor is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s) (1).

### FACTUAL ALLEGATIONS

26. Upon information and belief, the two Defendants are under common ownership and/or management, and jointly undertake large construction projects in various U.S. states,

including Louisiana. Defendants' services include framing, painting, and sheet rocking.

27. Defendants issue badges to their employees, including the Plaintiff, that allow them to record their hours electronically.

28. Defendants paid Plaintiff by check.

29. Plaintiff frequently worked more than (40) hours a week for the Defendants.

30. Defendants required Plaintiff to work six and sometimes seven days per week.

31. Defendants never paid Plaintiff one-and-half times his hourly rate for all hours worked in excess of forty in a workweek.

32. Defendants willfully violated Plaintiff's rights under the FLSA because Defendants knew or showed reckless disregard for the fact that their compensation practices violated the FLSA. Defendants were and are aware of the custom and practice of overtime pay from their experience and expertise in the industry in which they work.

## COUNT I

### Fair Labor Standards Act – OVERTIME VIOLATION

33. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

34. Plaintiff brings the claim set forth in Count I, alleging violations of the FLSA during the three years immediately preceding the filing of this suit. Plaintiff was an hourly and non-exempt employee who, during that period, worked for Defendants in excess of forty hours in any work week and failed to receive premium pay, at the rate of one-and-a-half times his regular rate of pay, for all hours worked in excess of forty in a workweek.

35. Defendants willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a) by not paying Plaintiff one-and-a-half times his regular rate for all hours worked in excess

of forty in a work week during the past three years.

36. As a consequence of Defendants' FLSA violations, Plaintiff is entitled to recover his unpaid overtime wages, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Plaintiff asks the Court to enter judgment in his favor against Defendants and issue an order:

a. Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiff as well as all applicable liquidated damages;

b. Declaring that Defendants' conduct violated the FLSA;

c. Awarding Plaintiff his reasonable attorneys' fees and costs of this action;

d. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

e. Awarding such other general and equitable relief as this Court deems equitable and just.

*Respectfully submitted,*

Estes Davis Law, LLC


/S Daniel B. Davis
Daniel B. Davis, #30141
Randall E. Estes, #22359
850 North Boulevard
Baton Rouge, Louisiana 70802
Telephone: (225) 336-3394
Facsimile: (225) 384-5419
dan@estesdavislaw.com
*Attorneys for Plaintiff Kenneth Singletary*